J-S33044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL MALDONADO | : | |
| | : | |
| Appellant | : | No. 2063 EDA 2021 |

Appeal from the PCRA Order Entered August 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008023-2015

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED MAY 04, 2023**

Miguel Maldonado ("Maldonado") appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the relevant factual and procedural history, as follows:

> [I]n 2017, following a jury trial, [Maldonado] was found guilty of rape forcible compulsion; aggravated indecent assault without consent; simple assault; and endangering the welfare of children. On January [19], 2018, [Maldonado] raised an oral motion for extraordinary relief challenging the weight of the evidence presented at trial. . . . On that same date, [Maldonado's motion was denied and he] was sentenced to an aggregate term of [twelve to twenty-five] years' incarceration followed by [seven] years of probation. . . . [In his direct appeal, Maldonado filed a Pa.R.A.P. 1925(b) concise statement in which he raised a Pa.R.Crim.P. 600 issue, as well as [a] claim that the trial court erred by permitting a detective to testify regarding the victim's

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

initial statement to police. However, the latter issue was abandoned on appeal, following the entry of the trial court's Rule 1925(a) opinion. T]he Superior Court affirmed [Maldonado's judgment of] sentence[, and t]he Supreme Court of Pennsylvania denied allocat[u]r on June 2, 2020. [**See Commonwealth v. Maldonado**, 224 A.3d 764 (Pa. Super. 2019) (unpublished memorandum); *appeal denied*, 235 A.3d 275 (Pa. 2020).]

On October 14, 2020, [Maldonado] filed a [timely] *pro se* PCRA petition[.] [T]his court appointed counsel[, who] filed [an] amended petition alleging that the trial court erred in permitting inadmissible hearsay, that trial counsel was ineffective by failing to call a character witness, and lastly, that [Maldonado's] sentence was excessive. The court found [Maldonado's] claims to be meritless and, on August 25, 2021, formally dismissed the petition entirely.

On September 16, 2021, [Maldonado] filed a timely *pro se* notice of appeal. Per the direction of this court, [Maldonado] filed a [Pa.R.A.P. 1925(b)] statement of errors complained of on appeal . . .. [The PCRA court thereafter filed an opinion pursuant to Rule 1925(a).]

PCRA Court Opinion, 1/10/22, at 1-2 (citations, footnotes, and unnecessary capitalization omitted).[2]

_____

[2] In Maldonado's timely *pro se* notice of appeal, which was a typed document except for a space in which to indicate the date of the order appealed from, Maldonado wrote in the date on which he executed the notice of appeal rather than the date on which the PCRA court entered the order dismissing his petition. **See** Notice of Appeal, 9/16/21, at 1; **see also** Pa.R.A.P. 904(a) requiring that the notice of appeal specify the date of the order appealed from). This Court issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order that was not entered on the docket. Maldonado's newly-appointed PCRA appellate counsel responded to the rule and explained that the notice of appeal contains a typographical error and that the order appealed from is the PCRA court's August 25, 2021 order dismissing Maldonado's PCRA petition. As the correct date of the order appealed from is readily apparent from the record, we decline to quash the appeal and have corrected the caption accordingly. **See**
*(Footnote Continued Next Page)*

Maldonado raises the following issues for our review:

1. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it [dismissed], as a matter of law, . . . Maldonado's PCRA claim that trial counsel was ineffective because she failed to call character witnesses, when such failure caused . . . Maldonado prejudice and would have changed the outcome of the trial?

2. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it [dismissed], as a matter of law, . . . Maldonado's PCRA claim that appellate counsel was ineffective because he failed to effectively argue that the trial judge allowed inadmissible hearsay into evidence?

3. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, . . . Maldonado's PCRA claim that prejudicial error occurred because he was not allowed to be present during jury questions?

Maldonado's Brief at 6.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

Pa.R.A.P. 105 (requiring liberal construction and modification of our appellate rules to secure the just, speedy, and inexpensive determination of every matter to which they are applicable).

- 3 -

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).[3]

In his first issue, Maldonado contends that trial counsel was ineffective for failing to call character witnesses. To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011).

---

[3] Under the PCRA, any petition shall be filed "within one year of the date the judgment becomes final." *See* 42 Pa.C.S.A. § 9545(b)(1). In the present matter, there is no dispute that Maldonado's petition was timely filed within one year of the date on which his judgment of sentence became final. *See Id*. § 9545(b)(3).

Additionally, when raising a claim of ineffectiveness for the failure to call a potential witness, there are two requirements for relief. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); *see also* Pa.R.Crim.P. 902(A)(15) (providing that "[t]he request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony"). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotations omitted).

Maldonado summarily contends that trial counsel was ineffective for failing to call character witnesses. Without identifying any particular witness, Maldonado generally asserts that trial counsel's failure to call character witnesses could not have been a strategic decision and the failure to call such witnesses caused Maldonado prejudice "because it was a missed opportunity to bolster [his] version of events." Maldonado's Brief at 17.

The PCRA court considered Maldonado's issue and concluded that it lacked merit. The court reasoned:

> Here, in his severely underdeveloped PCRA petition, [Maldonado] failed to identify any character witness(es) that his trial attorney allegedly omitted. This alone is sufficient grounds for denial. . . . Moreover, [Maldonado] neither asserted that the witness(es) were available or willing to testify, nor that his attorney knew or should have known any of the above. Now, [Maldonado] baldly asserts that the failure to call the unidentified witnesses caused [him] prejudice and would have changed the outcome of the trial. . . . [Maldonado's] series of generic statements have prevented this court from conducting meaningful review. It is for these reasons that [Maldonado's] claim is meritless. He is due no relief.

PCRA Court Opinion, 1/10/22, at 5 (internal quotation marks omitted).

The trial court correctly noted that Maldonado did not attach any signed certifications of any proposed character witness to his counseled amended petition. **See** 42 Pa.C.S.A. § 9545(d)(1); **see also** Pa.R.Crim.P. 902(A)(15). However, this Court has ruled that it is improper to affirm the dismissal of a PCRA petition on the sole basis of an inadequate witness certification in instances where the PCRA court failed to provide notice of this alleged defect. **See Commonwealth v. Pander**, 100 A.3d 626, 643 (Pa. Super. 2014).

Here, as there is no indication in the record that the PCRA court provided notice to Maldonado of this alleged procedural defect, we decline to affirm the dismissal of his petition based on his failure to include witness certifications.

Nevertheless, as the trial court explained, Maldonado's failure to identify any character witness who existed and was available and willing to testify for the defense of which counsel either knew of or should have known constitutes a substantive defect which is fatal to his ineffectiveness claim. **See Sneed**, 45 A.3d at 1108-09.

Moreover, when a PCRA petitioner asserts a claim that trial counsel was ineffective for failing to call a witness, our Supreme Court has ruled that such a claim lacks arguable merit where the trial court conducted a colloquy of the defendant and the defendant indicated that he agreed with the decision not to proffer the witness. **See Commonwealth v. Rios**, 920 A.2d 790, 802-03 (Pa. 2007) (holding that defendant's claim that trial counsel was ineffective for failing to call an alibi witness where defendant indicated his agreement with counsel not to call alibi witnesses); **see also Commonwealth v. Paddy**, 800 A.2d 294, 316 (Pa. 2002) (holding that where "[the defendant] expressed the view that the decision not to call alibi witnesses was his as well as trial counsel's, and his decision has not been shown to have been unknowingly, involuntarily, or unintelligently made, this allegation of ineffectiveness lacks arguable merit"); **Pander**, 100 A.3d at 642-43 (concluding that appellant's ineffectiveness claim had no arguable merit where the trial court conducted a

thorough colloquy regarding appellant's decision not to testify, not to call fact witnesses, and to present only one character witness).

Instantly, the trial court conducted a colloquy regarding Maldonado's decision not to testify and not to call any fact or character witnesses. We set forth part of that colloquy below.

> THE COURT: And I will ask you one last time, do you wish to testify?
>
> THE DEFENDANT: No.
>
> THE COURT: And you making [*sic*] this decision of your own free will?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And are there witnesses you wanted to call or evidence you wanted to be presented?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you satisfied with your attorney?
>
> THE DEFENDANT: Yes, I am.

N.T., 9/13/17, at 148-49. Based on these representations, as well as Maldonado's failure to identify any character witness who existed and was available and willing to testify for the defense of which counsel either knew of or should have known, his first issue has no arguable merit and warrants no relief. *See Rios*, 920 A.2d 790; *see also Paddy*, 800 A.2d at 316; *Pander*, 100 A.3d at 642-43.

In his second issue, Maldonado contends that the PCRA court erred in dismissing his claim that direct appeal counsel was ineffective for failing to

- 8 -

raise a claim that the trial court erred by permitting a detective to testify regarding the victim's initial statement to police. According to Maldonado, direct appeal counsel should have raised this issue in his direct appeal.

The PCRA court considered Maldonado's second issue and determined that it was waived. The court reasoned: "[Maldanado] raises a new claim on appeal asserting that appellate counsel was ineffective for failing to argue that the trial judge allowed inadmissible hearsay. [Maldanado] failed to raise this claim before the PCRA court[;] consequently, this issue is waived." PCRA Court Opinion, 1/10/22, at 6.

We discern no abuse of discretion or legal error by the PCRA court in reaching its determination that Maldonado's second issue was waived for failure to raise it in his PCRA petition. In his counseled amended PCRA petition, Maldanado asserted a claim of **_trial court error_** regarding its hearsay ruling. **_See_** Amended PCRA Petition, 3/19/21, at 8 (wherein Maldonado asserted a claim that "[t]he judge erred when she permitted a detective to testify to a statement he took from the complainant, as it was inadmissible hearsay and did not fall under the 'prior consistent statement exception'").[4] In his concise statement, however, Maldonado attempted to

---

[4] Notably, Maldonado raised this issue in the Rule 1925(b) concise statement he filed in connection with his direct appeal, but later abandoned the issue by not including it in his appellate brief. **_See Maldonado_**, 224 A.3d 764 (Pa. Super. 2019) (unpublished memorandum) (addressing only Maldonado's Rule 600 issue).

convert his claim of **_trial court error_** in ruling on the hearsay objection into a claim of **_ineffectiveness by direct appeal counsel_** in failing to raise the hearsay ruling on appeal. **_See_** Concise Statement, 11/12/21, at 2 (wherein Maldonado asserted, "[d]id the trial court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, . . . Maldonado's PCRA claim that appellate counsel was ineffective because he failed to effectively argue that the trial judge allowed inadmissible hearsay into evidence"). As Maldonado has raised an entirely new claim on appeal which was not presented to the PCRA court, he failed to preserve it for our review. **_See_** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Accordingly, Maldonado's second issue merits no relief.

In his third issue, Maldonado summarily contends that his trial counsel was ineffective for failing to object to the fact that Maldonado was not present during the jurors' questions.

This issue was not included in Maldonado's counseled amended PCRA petition. Accordingly, we conclude that Maldonado waived this issue by failing to raise it before the PCRA court. **_See_** Pa.R.A.P. 302(a). Accordingly, Maldonado's third issue merits no relief.[5]

---

[5] The PCRA court determined that Maldonado was due no relief on his third issue because he failed to develop the argument. **_See_** PCRA Court Opinion, 1/10/22, at 7.

Finally, we note that, in the discussion section of his brief, Maldonado observes that "the counseled [a]mended PCRA petition submitted to the [PCRA] court was severely underdeveloped . . . [and that t]o the extent that this Honorable Court rules that all of . . . Maldonado's claims are waived because of a deficient counseled PCRA petition, [Maldonado] respectfully requests that the court remand for appointment of new PCRA [c]ounsel to adequately develop these meritorious issues." Maldonado's Brief at 15.

While our Supreme Court has recently held that a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal, the High Court made clear that in order "to advance a request for remand, a petition would be required to provide more than mere 'boilerplate assertions of PCRA counsel's ineffectiveness . . ..'" ***Commonwealth v. Bradley***, 261 A.3d 381, 402 (Pa. 2021) (observing that where there are material facts at issue concerning claims challenging [PCRA] counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded); ***see also Commonwealth v. Parrish***, 273 A.3d 989, 1006 (Pa. 2022) (holding that a PCRA petitioner raising a claim of PCRA counsel's ineffectiveness for the first time on appeal must establish that there are issues of material fact concerning his claims challenging PCRA counsel's stewardship and that relief may be available).

Here, Maldonado does not undertake to explain to this Court: why the underlying claims asserted in his counseled amended PCRA petition have arguable merit; why no reasonable basis existed for PCRA counsel's actions or failure to act; and why there is a reasonable probability that the outcome of the PCRA proceedings would have been different but for PCRA counsel's action or inaction. *See Johnson*, 139 A.3d at 1272. Nor has Maldonado demonstrated that there are material facts at issue concerning claims challenging counsel's stewardship and that relief may be available. *See Bradley*, 261 A.3d at 402; *see also Parrish*, 273 A.3d at 1006. Instead, Maldonado has provided this Court with nothing more than a boilerplate assertion of PCRA counsel's ineffectiveness. *Id*. Accordingly, as Maldonado has not developed his claims of PCRA counsel's ineffectiveness to the point where it is necessary to remand the matter to the PCRA court for consideration of such claims, Maldonado has failed to establish that remand is warranted.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/4/2023*